Dewey, J.
The objection of variance between the bill offered in evidence and that set out in the indictment, cannot avail. As to the omissions of the figures, letters, and numbers in the margin, the case clearly falls within the eases of Commonwealth v. Bailey, 1 Mass. 62, and Commonwealth v. Stevens, 1 Mass. 203, and the omission to recite them does not vitiate the indictment.
2. Nor do we perceive any objection to the competency of the testimony offered to prove that the signature of De Witt, the president of the bank, was forged and not genuine. This evidence was offered under the provisions of the Rev. Sts. c. 127, § 10, dispensing with the testimony of the president and cashier of a bank, in prosecutions for uttering any forged or counterfeit bill of such bank, if their place of residence shall be out of the state, or more than forty miles from the place of trial.
The objection, as understood to be raised, is the insufficiency of the evidence offered upon the preliminary inquiry, as to the place of residence of the president of the bank. This evidence tended to show, that the president of the bank had resided at Worcester; and the only circumstance disclosed, which raised a doubt as to his continuing to reside there, was the declaration of the president himself to the witness, as to the contemplated removal of his family to Oxford. This latter place being more distant, it is quite immaterial, whether he resided at the one place or the other. But his residence being once established at Worcester is to be presumed so to continue, until the contrary shall appear. Supposing that this question, which was a preliminary one, and to be passed upon by the presiding judge, was open to exceptions, upon which we express no opinion, we should have no doubt of the correctness of the ruling upon this point.
3. The next objection taken is to the competency of the testimony of George F. Wright, as to certain confessions *610 made to him by the defendant, while in his custody under an arrest for this offence.
Confessions, to be admissible, must be free and voluntary. They are not considered voluntary, when obtained by any direct or implied promises of fa.vor or benefit, to be gained thereby. If such promise of favor or benefit is held out by a person having the prisoner in custody, as an officer, and a confession is afterwards made, it is inadmissible.
In the present case, the promises were such, as might excite hopes in the mind of the prisoner, that he should be materially benefited by making disclosures. He was in the hands of the police officer Starkweather, and Wright, a deputy-sheriff, and he was told by them that if he should make disclosures that would be of benefit to the government, they would use their influence to have them go in his favor. This was between four and five o’clock in the afternoon. He did not then make any'disclosures; but the next morning, being in the custody of Wright, and without any further inducements, he made the admissions now offered to be proved. The case seems to us to fall within the rule, excluding confessions obtained under the influence of inducements held out by an officer having the prisoner in his custody, and for that reason the testimony of Wright ought to have been excluded. 1 Greenl. Ev. § 219; 2 Russ, on Cr. 645. Upon this point, the exceptions are sustained, and the verdict is to be set aside, and a new trial granted.
In the present aspect of the case, the court have not found it necessary to form or express any opinion upon the formal objections taken to the indictment, and argued in connection with this bill of exceptions, uncir the motion in arrest of judgment. Exceptions sustained.